NO. 07-10-0283-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 31, 2011
_____

TERESO ALMAGUER A/K/A TERESO ALMAGUER-JUAREZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY;

NO. CR11345; HONORABLE RALPH H. WALTON JR., PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Tereso Almaguer was convicted of continuous sexual abuse of his stepdaughter and his stepniece. On appeal, he argues that §21.02 of the Penal Code is unconstitutional because it allows for a conviction upon less than a unanimous verdict. We affirm the judgment.

The subject statute provides that an offense is committed if, during a period of thirty or more days, a person commits two or more acts of sexual abuse against a child

regardless of whether they are committed against one or more victims. TEX. PENAL CODE ANN. §21.02(b) (Vernon Supp. 2010). A jury is not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. *Id.* §21.02(d). It must only agree that during a period of thirty or more days, the defendant committed two or more acts of sexual abuse. *Id.*[1]

Appellant did not bring the alleged unconstitutionality of the statute to the trial court's attention. Challenges to the constitutionality of a statute may not be raised for the first time on appeal. *Karenev v. State,* 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (stating that a facial challenge may not be raised for the first time on appeal); *Curry v. State,* 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (stating that an "as applied" challenge may not be raised for the first time on appeal).

However, appellant argues that fundamental error is involved. Fundamental error, which may be raised for the first time on appeal, is a violation of rights that are waivable only or a denial of absolute systemic requirements. *Mendez v. State,* 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Waivable rights include errors regarding the assistance of counsel, trial by jury, and the right of appointed counsel to have ten days trial preparation. *Saldano v. State,* 70 S.W.3d 873, 888-89 (Tex. Crim. App. 2002). Systemic requirements include errors regarding jurisdiction of the person, subject matter jurisdiction, a penal statute's compliance with the separation of powers clause of the

---

[1]The Texas Constitution requires jury verdicts in felony cases to be unanimous. TEX. CONST. art. V, §13; *Stuhler v. State,* 218 S.W.3d 706, 716 (Tex. Crim. App. (2007). Moreover, federal constitutional due process limits the states' ability to define a crime so as to dispense with jury unanimity. *Jefferson v. State,* 189 S.W.3d 305, 312 (Tex. Crim. App. 2006), *quoting State v. Johnson,* 627 N.W.2d 455, 459-60 (Wis. 2001).

state constitution, the constitutional prohibition against ex post facto laws, the constitutional requirement that the district court conduct proceedings at the county seat, and constitutional restraints on the comments of a judge. *Id.* at 888-89. Appellant cites no authority for his proposition that the provisions of this statute violate a waivable only right or deny an absolute systemic requirement, and we know of none. *See Williams v. State,* 305 S.W.3d 886, 893 n.11 (Tex. App.–Texarkana 2010, no pet.) (stating the court was unconvinced that the challenged provision of §21.02 of the Penal Code violates a fundamental right).

Accordingly, there is nothing for us to address, and we affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.