COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| JESUS MORA, | § | No. 08-13-00362-CR |
| Appellant, | § | Appeal from the |
| v. | § | 34th Judicial District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20120D05484) |
| | § | |

## **O P I N I O N**

Jesus Mora appeals the judgment convicting him of continuous sexual abuse of a child and sentencing him to life imprisonment. In one issue, Mora challenges the sufficiency of the evidence supporting his conviction. We affirm.

### **FACTUAL AND PROCEDURAL BACKGROUND**

Mora was charged with continuous sexual abuse of D.S. occurring between June 1, 2012—the day Mora was released from a halfway home and moved into the apartment where D.S. was residing—and September 30, 2012. At trial, D.S. related that Mora's sexual abuse of her began soon after he moved in and that it escalated in its perniciousness over the summer, culminating in her rape in August 2012. According to D.S., on separate occasions throughout the relevant time frame and before her rape, Mora touched her breasts eight or nine times, inserted his fingers in her vagina two or three times, and made her touch his erect penis three times. Mora admitted to the jurors that he raped D.S. but disputed the notion that he committed the other acts of

sexual abuse reported by D.S.

## SUFFICIENCY OF THE EVIDENCE

To establish the offense of continuous sexual abuse of a child, the State must prove three elements: (1) the defendant "commit[ted] two or more acts of sexual abuse[;]" (2) "during a period that is 30 or more days in duration[;]" and (3) "at the time of the commission of each of the acts of sexual abuse, the [defendant was] 17 years of age or older and the victim [was] a child younger than 14 years of age." TEX.PENAL CODE ANN. § 21.02(b)(West Supp. 2014). On appeal, Mora does not challenge the sufficiency of the evidence supporting the first and third elements. Instead, he challenges the sufficiency of the evidence supporting the second element—that the incidents of sexual abuse occurred during a period of 30 days or more in duration. Mora asserts his conviction cannot rest exclusively on D.S.'s uncorroborated testimony because it is too inexact to "establish the continuity of abuse element" "in light that the State had the wherewithal to easily establish a somewhat-accurate time-frame of sexual abuse." We disagree. A complainant's testimony alone is sufficient to support a conviction for continuous sexual abuse of a child. See TEX.CODE CRIM.PROC.ANN. art. 38.07 (West Supp. 2014). Moreover, proof of exact dates is not required to be convicted of the offense of continuous sexual abuse. See TEX.PENAL CODE ANN. § 21.02(d)("[M]embers of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed."). Here, D.S. testified in detail to multiple instances of abuse spanning the summer between her fourth and fifth grade school years. Although her testimony did not identify the times and dates when these incidents took place, it indicated a period of time more than 30 days in duration. With the aid of a timeline of her living arrangements and school years, D.S. was able to recall that she was living with her aunt and completing fourth grade

2

when Mora began sexually abusing her. And with the aid of a timeline of the summer months, D.S. was able to recount that Mora touched her breasts at "[t]he end of the [school] year[,]" inserted his fingers in her vagina beginning in June and continuing "over the various points over the summer," made her touch his erect penis "the later part of July[,]" and raped her at "the end of summer." When given the appropriate deference and viewed in the light most favorable to the jury's verdict, D.S.'s testimony alone is sufficient to prove Mora committed two or more acts of sexual abuse during a period of 30 days or more in duration. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex.Crim.App. 2013)(in reviewing a challenge to the sufficiency of the evidence supporting a jury's guilty verdict, the appellate court considers all of the evidence in the light most favorable to the verdict and remains mindful of the jury's role as the sole judge of the credibility of the witnesses and the weight to be given their testimony); *Smith v. State*, 340 S.W.3d 41, 48 (Tex.App.--Houston [1st Dist.] 2011, no pet.)("The Legislature recently created the offense of continuous sexual abuse of a child in response to an expressed need to address sexual assaults against young children who are typically unable to give precise dates when there are ongoing acts of sexual abuse"); *Williams v. State*, 305 S.W.3d 886, 890 n.7 (Tex.App.--Texarkana 2010, no pet.) ("Arguably this [the child's inability to articulate the exact dates when the abuse occurred] is precisely the kind of situation the Legislature considered when enacting Section 21.02 of the Texas Penal Code.").

As noted above, Mora contends his conviction must be set aside because it rests solely on the uncorroborated testimony of a child unable to articulate the exact times and dates of the continuous sexual abuse. In support of the proposition that corroboration is required when two or more acts of sexual abuse are alleged to have occurred "within one season—arguably within the 30 day required threshold[—]" Mora cites *Michell v. State*, 381 S.W.3d 554 (Tex.App.--Eastland

3

2012, no pet.).  But *Michell* does not stand, nor can it be read so broadly as to stand, for this proposition.

In *Michell*, the court affirmed the appellant's conviction for continuous sexual abuse of her step-daughter and step-son.  The child claimed she had been sexually abused for years but could not provide specific dates.  381 S.W.3d at 556-57, 561-64.  Instead, the child recounted "the details of where [the incidents of sexual abuse] took place, the grade she was in at school at the time, or what the season of the year was at the time of the sexual abuse."  *Id.* at 561.  In disposing of the argument that the evidence was insufficient because "the State provided no specific date, but rather relied on broad time ranges based solely on locations where the incidents allegedly occurred[,]" the court noted that city records and the testimony of a homeowner supported the conclusion that the acts of sexual abuse occurred for a period of time in excess of 30 days in duration.  *Id.* at 560, 562-64.  But in concluding that the evidence was sufficient, the court never stated that corroboration of the child's testimony was required, nor did the court intimate that the conviction would not have stood absent corroboration.

Mora's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


March 20, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

4