

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00532-CR

Paul **AGUILAR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR5627
Honorable Melisa Skinner, Judge Presiding

Opinion by:  Marialyn Barnard, Justice

Sitting:  Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  July 15, 2015

AFFIRMED

A jury convicted appellant Paul Aguilar of continuous sexual abuse of a child, and the trial court assessed punishment at fifty years' confinement. Aguilar raises a single issue on appeal, arguing the evidence is insufficient to support his conviction. We affirm the trial court's judgment.

### BACKGROUND

X.G., who was fifteen-years-old at the time of trial, testified Aguilar, who was his mother's live-in boyfriend, began sexually abusing him when he was ten-years-old. X.G. stated the abuse occurred while he was living with his family in a house on McKay Street. X.G. testified Aguilar

masturbated in front of him while they watched pornography provided by Aguilar. X.G. remembered Aguilar would sometimes "put his head on my penis" when they watched pornography and "stuff would come out." X.G. estimated Aguilar "put his head on my penis" approximately four times. X.G. also described the progression of the sexual abuse. According to X.G., Aguilar placed "an arrow type of thing" in his anus more than once. X.G. explained that on two different occasions, Aguilar made him undress and lie down and then placed an "arrow type of thing" in his anus. Each time it hurt. X.G. testified both instances occurred when he was alone with Aguilar at his family's house on McKay Street: the first time was on the couch in the living room; the second time was on the bed in the bedroom. X.G. further stated they performed oral sex on each other in the laundry room. X.G. testified Aguilar instructed him never to tell anyone about the sexual abuse.

According to X.G., Aguilar stopped "doing things" when the family moved from McKay Street to his grandmother's house on Kendalia Street. X.G. testified he was "like 12 or 13 years old" when his family moved to his grandmother's house. According to X.G., Aguilar sometimes watched pornography with him at the grandmother's house, but Aguilar did not touch him. X.G. was eventually sent to live with his aunt and uncle. While living with his aunt and uncle, X.G. told his uncle about the abuse that occurred when he was living with Aguilar at the McKay Street house. X.G. indicated it took him a long time to tell someone because Aguilar had told him not to tell anybody.

At trial, X.G.'s uncle, Angel G. Pastrano, also testified. Mr. Pastrano testified X.G. was living with his mother and Aguilar between late 2007 to early 2010 in a house on McKay Street. According to Mr. Pastrano, X.G. moved into his house around December 2011, and while X.G. was living with him, his wife discovered X.G. accessing pornography websites on a cell phone. Mr. Pastrano testified that when he confronted X.G. about the pornography, he learned Aguilar

had shown X.G. "some hard core stuff." Mr. Pastrano stated X.G. told him Aguilar forced him to do things and touched him in places he did not want to be touched. Mr. Pastrano testified he asked X.G. to describe exactly what Aguilar did, and X.G. pointed to his mouth and then to his penis and backside. That evening, Mr. Pastrano contacted a friend, who was a member of an organization that worked with abused children, to determine what he should do. The next day, Mr. Pastrano took X.G. to the police station to report the incidents.

## ANALYSIS

Aguilar contends the evidence is insufficient to support his conviction for continuous sexual abuse of a child. According to Aguilar, the State did not prove he committed two or more instances of sexual abuse during a period that was thirty days or more in duration.

### *Standard of Review*

When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether any rational jury would have found the defendant guilty beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010); *Smith v. State*, 397 S.W.3d 765, 767 (Tex. App.—San Antonio 2013, no pet.). In making that determination, we must determine whether any rational juror could have found the essential elements of the offense beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 899; *Smith*, 397 S.W.3d at 767.

In conducting our review, we must keep in mind that "[t]he jury is the sole judge of credibility and weight to be attached to the testimony of witnesses." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). Accordingly, we defer to the jury's credibility and weight determinations in addition to the jury's duty to resolve conflicts in the witnesses' testimony. *Smith*, 397 S.W.3d at 767 (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). However, a jury is not permitted to draw conclusions based on speculation; a jury may draw several

reasonable inferences from the facts so long as those inferences are supported by the evidence presented at trial. *Merritt*, 368 S.W.3d at 525 (citing *Hooper*, 214 S.W.3d at 13). Nevertheless, when the evidence presented at trial supports conflicting inferences, we will presume the jury resolved such conflicts in favor of the verdict and again, defer to the jury's determination. *Id*. at 525–26.

### *Applicable Law*

To establish continuous sexual abuse of a child, the State must prove that, during a period of thirty or more days in duration, the defendant committed two or more acts of sexual abuse, and at the time of the commission of each of these acts of sexual abuse, the defendant was seventeen years of age or older and the victim was a child younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 21.02(b) (West 2015); *Smith*, 397 S.W.3d at 767. An "act of sexual abuse" includes, as is relevant here, aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 21.02. A person commits aggravated sexual assault of a child if he knowingly or intentionally causes the penetration of a child's anus or sexual organ by any means, causes his sexual organ to contact or penetrate the mouth of a child younger than fourteen years of age, or causes his mouth to contact the sexual organ of a child younger than fourteen years of age. *Id*. §§ 22.021(a)(1)(B)(i)-(iii), (v), 22.021(a)(2)(B); *Smith v. State*, 340 S.W.3d 41, 48 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

To prove the offense of continuous sexual abuse of a child, the State need not prove the exact dates of abuse; however, the State must prove that two or more acts of sexual abuse occurred during a thirty day or more time span. TEX. PENAL CODE ANN. § 21.02(d) ("The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse."); *Michell v. State*, 381 S.W.3d 554, 561 (Tex. App.—Eastland 2012, no pet.); *Smith*, 340 S.W.3d at 48; *see also Dixon v. State*, 201 S.W.3d 731, 736 (Tex. Crim.

App. 2006) (cautioning courts not to impose unrealistic expectations regarding proof of when offense occurred as child victims often do not know exact dates of sexual assault); *Williams v. State*, 305 S.W.3d 886, 890 n. 7 (Tex. App.—Texarkana 2010, no pet.) (noting that child victim's inability to provide exact dates of abuse is situation Legislature considered when enacting section 21.02 Texas Penal Code). The jury is not required to agree unanimously on which specific acts of sexual abuse a person committed or the exact date when those acts were committed. TEX. PENAL CODE ANN. § 21.02(d). *Smith*, 397 S.W.3d at 773.

### *Application*

Although X.G. did not provide specific dates as to when the numerous instances of sexual abuse occurred, the jury could have reasonably inferred from the facts presented that the multiple acts of sexual abuse began sometime in 2008 and continued until early 2010, a period of time in excess of thirty days in duration. *See Merritt*, 368 S.W.3d at 525; *Kuhn v. State*, 393 S.W.3d 519, 527 (Tex. App.—Austin 2013, pet ref'd.) (stating jury could reasonably infer when incidents occurred based on complainant's testimony regarding her age at trial and age she was sexually abused); *Michell*, 381 S.W.3d at 561 (highlighting evidence was sufficient to establish conviction for continuous sexual abuse through victim's testimony of where abuse occurred, grade she was in at time of abuse, and what season abuse occurred). Here, the evidence shows X.G. and his family lived on McKay Street from approximately late 2007 to early 2010. During the trial, which occurred in May 2014, X.G. testified he was fifteen-years-old, born on October 27, 1998. Based on X.G.'s age during the trial and his birthdate, the jury could have reasonably inferred X.G. was between the ages of nine and twelve-years-old when he lived on McKay Street. According to X.G.'s testimony, Aguilar began sexually abusing him when he was ten-years-old and Aguilar did not stop abusing him until the family moved to Kendalia Street when he was around twelve or thirteen-years-old, indicating the sexual abuse started sometime in 2008 and stopped sometime in

early 2010. X.G. testified that more than two acts of sexual abuse occurred during that time period at the McKay house.

Aguilar argues the duration of abuse is speculative because X.G. only indicated the abuse occurred "while he was living there [at the McKay house] for about two years at that house." We disagree. Precise dates of events are not required to establish a conviction for continuous sexual abuse, and X.G.'s description of the ongoing sexual assaults is exactly what the Legislature intended when enacting the statute governing the offense of continuous sexual abuse. *See Williams*, 305 S.W.3d at 890 n. 7; *see also Smith*, 340 S.W.3d at 49 (pointing out complainant did not know dates of sexual abuse but testified it occurred during summer of 2007 until December 2007 when her twin siblings were two-weeks-old). Viewing the evidence in a light most favorable to the jury's verdict, we conclude a rational jury could have reasonably inferred the existence of continuous abuse rather than merely speculating about it. *See Merritt*, 368 S.W.3d at 525. Specifically, the jury could have found based on reasonable inferences that two or more acts of sexual abuse occurred during a thirty or more day time span. *See* TEX. PENAL CODE ANN. § 21.02(d); *Brooks*, 323 S.W.3d at 899; *Smith*, 397 S.W.3d at 767; *Michell*, 381 S.W.3d at 561; *Smith*, 340 S.W.3d at 48. Accordingly, we hold the evidence is sufficient to establish the offense of continuing sexual abuse of a child, and we overrule Aguilar's sole appellate issue.

## CONCLUSION

After reviewing the evidence in the light most favorable to the verdict and deferring to the jury as we must, we hold the evidence is sufficient to support Aguilar's conviction. Accordingly, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish