

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00423-CR

---

ELISEO HERNANDEZGALEANO            APPELLANT

V.

THE STATE OF TEXAS            STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1384203D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Eliseo Hernandezgaleano[2] of the offenses of continuous sexual abuse of a young child and indecency with a child by contact

---

[1]*See* Tex. R. App. P. 47.4.

[2]The record reflects some discrepancy with respect to the spelling of Appellant's name. Because Appellant never suggested that he bears a name different from that stated in the indictment, we take his name as stated in the indictment as true. *See* Tex. Code Crim. Proc. Ann. arts. 26.07, 26.08 (West 2009).

and assessed his punishment at 34 years' and 10 years' confinement, respectively. *See* Tex. Penal Code Ann. § 21.02 (West Supp. 2016), § 21.11 (West 2011). The trial court sentenced Appellant accordingly, ordering the sentences to run concurrently. In two issues, Appellant challenges only his conviction for continuous sexual abuse of a young child. *See* Tex. Penal Code Ann. § 21.02. We affirm.

In his second issue, Appellant challenges the constitutionality of section 21.02 of the Texas Penal Code, arguing that it violates his right to a unanimous jury verdict guaranteed by the federal and state constitutions. The State notes that Appellant did not raise this issue at trial, a fact that Appellant concedes. Ordinarily, a party must preserve an error during trial in order to raise it on appeal. Tex. R. App. P. 33.1(a); *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). Appellant argues, however, that he was not required to preserve his complaint regarding the constitutionality of section 21.02 because that provision infringes upon a waivable rather than a forfeitable right, thus allowing him to raise this issue for the first time on appeal. *See, e.g., Mendez v. State*, 138 S.W.3d 334, 340–42 (Tex. Crim. App. 2004); *Sanchez v. State*, 120 S.W.3d 359, 366–67 (Tex. Crim. App. 2003).

Appellant candidly acknowledges that we have held to the contrary.[3] *See Shafer v. State*, No. 02-10-00496-CR, 2012 WL 745422, at *1–2 (Tex.

---

[3]Appellant also acknowledges that a number of our sister courts have also held constitutional challenges to section 21.02 of the Texas Penal Code to be

2

App.—Fort Worth Mar. 8, 2012, pet. ref'd) (mem. op., not designated for publication) (holding constitutional challenge to section 21.02(d) is forfeitable); *see also Ibenyenwa v. State*, 367 S.W.3d 420, 422–23 (Tex. App.—Fort Worth 2012, pet. ref'd) (op. on reh'g) (holding constitutional challenge to the entirety of section 21.02 is forfeitable). He has not persuaded us to depart from our precedent here. Therefore, in accordance with our previous cases on this issue, we hold that Appellant forfeited his constitutional challenge to section 21.02.

However, even if Appellant had not forfeited this complaint, he still would not prevail on this issue. As Appellant acknowledges, Texas courts, including this court, have repeatedly rejected the argument that section 21.02 violates a defendant's right to a unanimous jury verdict guaranteed by the federal and state constitutions. *See Pollock v. State*, 405 S.W.3d 396, 404–05 (Tex. App.—Fort Worth 2013, no pet.); *Lewis v. State*, No. 02-10-00004-CR, 2011 WL 2755469, at *6 (Tex. App.—Fort Worth July 14, 2011, pet. ref'd); *see also Machado v. State*, No. 02-15-00365-CR, 2016 WL 3962731, at *3–4 (Tex. App.—Fort Worth July

forfeitable. *See, e.g.*, *Barroquin-Tabares v. State*, No. 05-15-00794-CR, 2016 WL 3144160, at *1 (Tex. App.—Dallas May 31, 2016, no pet.) (mem. op., not designated for publication); *Moore v. State*, No. 03-12-00787-CR, 2015 WL 1317205, at *3–4 (Tex. App.—Austin Mar. 20, 2015, pet. ref'd) (mem. op., not designated for publication); *Smallwood v. State*, No. 08-12-00215-CR, 2014 WL 4269155, *5 (Tex. App.—El Paso Aug. 29, 2014, pet ref'd) (not designated for publication), *cert. denied*, 136 S. Ct. 134 (2015); *Cox v. State*, Nos. 10-11-00370-CR, 10-11-00371-CR, 2013 WL 3770949, at *1 (Tex. App.—Waco July 18, 2013, no pet.) (mem. op., not designated for publication); *Almaguer v. State*, No. 07-10-0283-CR, 2011 WL 291973, at *1 (Tex. App.—Amarillo Jan. 31, 2011, no pet.) (mem. op., not designated for publication); *Williams v. State*, 305 S.W.3d 886, 893 (Tex. App.—Texarkana 2010, no pet.).

21, 2016, no pet. h.) (mem. op., not designated for publication) (and cases cited therein) (noting that Texas courts have authoritatively ruled against argument that section 21.02 violates defendant's right to unanimous jury verdict). We overrule Appellant's second issue.

In his first issue, Appellant contends that the trial court erred by charging the jury with the following instruction:

> You are instructed with regard to Count One only, Continuous Sexual Abuse of a Child under 14 years of age, that members of the jury are not required to agree unanimously on which specific acts of sexual abuse, if any, were committed by the defendant or the exact date when those acts were committed, if any. The jury must agree unanimously that the defendant, during a period that was 30 or more days in duration, committed two or more acts of sexual abuse as that term has been previously defined.

Appellant argues that this instruction deprived him of his right to a unanimous jury verdict in violation of the federal and state constitutions. Appellant concedes that he did not preserve this complaint. Nevertheless, we will consider this issue because "all alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

In our review of a jury charge, if we conclude that no error occurred, our analysis ends. *Id.* As noted in our discussion of Appellant's second issue above, we along with our sister courts have consistently held that section 21.02 does not violate a defendant's right to a unanimous jury verdict under the federal or state constitutions. *See Pollock*, 405 S.W.3d at 404–05; *Lewis*, 2011 WL 2755469,

4

at *6; *Machado*, 2016 WL 3962731, at *3–4. And the trial court's instruction tracked section 21.02(d) of the Texas Penal Code almost verbatim. *See* Tex. Penal Code Ann. § 21.02(d); *Casey v. State*, 215 S.W.3d 870, 886–87 (Tex. Crim. App. 2007). We therefore conclude that the trial court did not err in submitting the above instruction. We overrule Appellant's first issue.

Having overruled both of Appellant's issues, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, GARDNER, and GABRIEL, JJ.

DAUPHINOT, J., concurs without opinion

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 25, 2016