

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00158-CR

JOHN ROBERT SIEVERS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2229154

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

A Hopkins County jury convicted John Robert Sievers, Jr., of the first-degree felony offense of continuous sexual abuse of a young child.[1]  In accordance with the jury's verdict, the trial court sentenced Sievers to life in prison.  On appeal, Sievers claims that, because Section 21.02 of the Texas Penal Code permits a jury to return a non-unanimous verdict as to the specific acts of sexual abuse to support a guilty verdict, it is unconstitutional on its face and as applied in this case.  Sievers has failed to preserve his constitutional claims for our review.  As a result, we affirm the trial court's judgment.

## I.    Background

Because Sievers does not challenge the sufficiency of the evidence to support his conviction, we restrict our recitation of the facts to those relevant to the resolution of this appeal. The indictment against Sievers alleged that he,

> being 17 years of age or older, . . . during a period of 30 or more days, intentionally or knowingly commit[ted] two or more . . . acts of sexual abuse against a child younger than 14 years of age at the time the acts of sexual abuse occurred.

The indictment then alleged a specific instance of indecency with a child by contact and a specific instance of aggravated sexual assault of a child.

Before trial, the State filed an unobjected-to motion to amend the indictment.  The trial court issued an order granting the motion, which alleged two additional acts of aggravated sexual assault of a child.

---

[1]TEX. PENAL CODE ANN. § 21.02(b) (Supp.).

At trial, the jury was instructed, in pertinent part, that it "must determine whether the state has proved, beyond a reasonable doubt, four elements. The elements are that—"

1.     the defendant, in Hopkins County, Texas, during a period between on or about April 1, 2019, and on or about September 1, 2019, committed two or more of the following alleged acts of sexual abuse:

> The first alleged act of sexual abuse is that the defendant engaged in indecency with a child. Specifically —
>
> a.     that on or about April 1, 2019, the defendant intentionally or knowingly caused [S.S.] to engage in sexual contact by touching [S.S.'s] genitals with the Defendant's hand; and
>
> b.     [S.S.] was a child younger than fourteen years old; and
>
> c.     the defendant did this with the intent to arouse or gratify his sexual desire.
>
> The second alleged act of sexual abuse is that defendant engaged in aggravated sexual assault of a child. Specifically —
>
> a.     that on or about June 1, 2019, the defendant intentionally or knowingly caused the sexual organ of [S.S.] to contact the sexual organ of the Defendant; and
>
> b.     [S.S.] was a child younger than fourteen years of age.
>
> The third alleged act of sexual abuse is that defendant engaged in aggravated sexual assault of a child. Specifically—
>
> a.     that on or about August 1, 2019, the defendant intentionally or knowingly caused the anus of [S.S.] to contact the sexual organ of the Defendant; and
>
> b.     [S.S.] was a child younger than fourteen years of age.
>
> The fourth alleged act of sexual abuse is that defendant engaged in aggravated sexual assault of a child. Specifically—

3

a. that on or about September 1, 2019, the defendant intentionally or knowingly caused the sexual organ of [S.S.] to contact the sexual organ of the Defendant; and

b. [S.S.] was a child younger than fourteen years of age.

. . . .

With regard to element 1, you need not all agree on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. You must, however, all agree that the defendant committed two or more acts of sexual abuse.

Sievers did not object to the language of the court's charge.

## II. Sievers Failed to Preserve his Constitutional Challenge to Section 21.02

In his sole point of error, Sievers complains that Section 21.02 of the Texas Penal Code[2] is facially unconstitutional and is unconstitutional as applied in that it permits the jury to return a non-unanimous verdict as to the specific acts of sexual abuse in support of the jury's guilty verdict.

"Issues of procedural default are systemic and must be reviewed by the courts of appeals, even when the issue is not raised by the parties." *Leal v. State*, 456 S.W.3d 567, 568 (Tex. Crim. App. 2015) (per curiam) (citing *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012)).

"'As applied' constitutional claims are subject to the preservation requirement and therefore must be objected to at the trial court in order to preserve error." *Reynolds v. State*, 423

---

[2]Section 21.02(d) states:

> If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

TEX. PENAL CODE ANN. § 21.02(d) (Supp.).

S.W.3d 377, 383 (Tex. Crim. App. 2014) (quoting *Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008)). Although the objecting party need not employ "hyper-technical or formalistic use of words or phrases" to preserve error, "the objecting party must still 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (quoting *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009)); *see Villareal v. State*, 590 S.W.3d 75, 79 (Tex. App.—Waco 2019, pet. ref'd) (finding "as applied" constitutional challenge to Section 21.02 unpreserved in trial court); *Williams v. State*, 305 S.W.3d 886, 893 (Tex. App.—Texarkana 2010, no pet.) (same).

Likewise, "a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *see Ibenyenwa v. State*, 367 S.W.3d 420, 422 (Tex. App.—Fort Worth 2012, pet. ref'd) (facial constitutional challenge to Section 21.02 unpreserved in trial court); *Williams*, 305 S.W.3d at 893 (Section 21.02 voidness claim must be preserved in trial court).

The record reflects that Sievers did not move to quash the original or amended indictments on any ground. Likewise, Sievers did not urge his jury unanimity argument in an objection to the court's charge to the jury[3] and did not otherwise make that complaint known to the trial court. As a result, Sievers has not preserved his Section 21.02 constitutional claims for our review.

---

[3]Sievers does not complain of jury charge error on appeal.

5

### III.    Conclusion

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     June 1, 2023
Date Decided:       June 21, 2023

Do Not Publish