

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00158-CR

AARON MICHAEL MARSHALL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2022F00019

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

A Cass County jury convicted Aaron Michael Marshall of continuous sexual abuse of a young child and assessed a sentence of fifty years' imprisonment. *See* TEX. PENAL CODE ANN. § 21.02 (Supp.). On appeal, Marshall argues that the evidence is legally insufficient to support the jury's verdict.[1]

We find that the jury's verdict was supported by legally sufficient evidence. As a result, we overrule Marshall's sole point of error in this case and affirm the trial court's judgment.

## I.    Standard of Review

"In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Williamson v. State*, 589 S.W.3d 292, 297 (Tex. App.—Texarkana 2019, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd)). "Our rigorous [legal sufficiency] review focuses on the quality of the evidence presented." *Id.* (citing *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring)). "We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury 'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)

---

[1]In companion cause numbers 06-23-00159-CR and 06-23-00160-CR, Marshall appeals from convictions of sexual assault of a child. In companion cause numbers 06-23-000161-CR through 06-23-00166-CR, Marshall appeals from six convictions for indecency with a child.

(citing *Jackson*, 443 U.S. at 318–19; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007))).

"Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge." *Id.* at 298 (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The 'hypothetically correct' jury charge is 'one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240).

Here, the State's indictment alleged that Marshall

did then and there, during a period that was 30 or more days in duration, namely from on or about August 1, 2015[,] through May 31, 2017, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against Alice Owens (pseudonym), a child younger than 14 years of age namely:

- Indecency with a child by contact: the defendant did then and there, with the intent to arouse or gratify the sexual desire of said defendant, intentionally or knowingly engage in sexual contact with Alice Owens (pseudonym) by touching the genitals of Alice Owen[s] (pseudonym);

- Aggravated sexual assault of a child: the defendant did then and there intentionally and knowingly cause the penetration of the sexual organ of Alice Owens (pseudonym), a child who was younger than 14 years of age, by defendant's finger.[2]

---

[2]"Although the State may choose to allege the predicate acts with specificity as to the manner and means in which they were committed, the State is not constitutionally required to do so." *Buxton v. State*, 526 S.W.3d 666, 682 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd).

## II. The Evidence at Trial

Owens[3] was nineteen at the time of trial and testified that Marshall committed several acts of sexual abuse against her. According to Owens, the first inappropriate act occurred when she was twelve and living in Seagoville, Texas. Owens testified that Marshall woke her up while she was sleeping by grabbing her breasts.[4] Owens said that the incident made her feel shocked, uncomfortable, and scared to tell anyone. Owens said that she lived in Seagoville for about one year and that Marshall continued his inappropriate touching of her breasts "maybe two to three times a week."[5]

According to Owens, she was thirteen when she moved from Seagoville to Linden, Texas. Owens testified that, while living in Linden, Marshall touched her breasts and vagina under her clothing. When asked to recall the first time that the abuse happened in Linden, Owens said, "I believe I was 13. This was the first time that I can remember that anything happened underneath the clothes and [Marshall] switched from just the breast to lower." Owens said that the frequency of the vaginal touching in Linden was "[t]wo, three, maybe four times a week."

Owens testified that, on two occasions while living in Linden, Marshall penetrated her vagina with his fingers, although she could not remember when that happened. According to Owens, Marshall asked to have sex with her when she was "in-between 14 -- maybe 15," but she

---

[3]To protect her identity, we will use the State's assigned pseudonym for the child complainant and will also refer to her family members by pseudonym. *See* TEX. R. APP. P. 9.10.

[4]Touching the breast of a child is not a predicate offense for continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02(c)(2).

[5]Owens could not remember if the touching in Seagoville occurred over or underneath her clothing.

4

did not allow it. Owens testified that all the sexual abuse stopped when she was sixteen because her mother caught Marshall.

Owens's mother said that she caught Marshall coming out of Owens's room in 2019 and that, after questioning Marshall, he admitted to touching Owens three or four times on the breasts and buttock. Maureen Fletcher, a forensic interviewer with the Texarkana Children's Advocacy Center (CAC), testified that Owens was very nervous when discussing her allegations and did not appear to have been coached or coerced. Cody Sartor, an investigator with the Cass County District Attorney's Office, testified that his interview with Owens's mother corroborated some of the statements in Owens's CAC interview with Fletcher.

In his defense, Marshall denied all of the allegations and testified that Owens's mother was lying. Marshall's sister also testified that Owens lied to get attention.

After hearing the evidence, the jury convicted Marshall of continuous sexual abuse of a young child.[6]

---

[6]Mirroring the State's indictment, the trial court's charge asked the jury whether it found, beyond a reasonable doubt, that Marshall

> 1.      . . . during a period between on or about August 1, 2015[,] and on or about May 31, 2017, committed two or more of the following alleged acts of sexual abuse:
>
> A.      Indecency with a Child where:
>
> > 1.      the defendant engaged in sexual contact with Alice Owens (a pseudonym) by any touching of any part of the genitals of Alice Owens (a pseudonym);
> >
> > 2.      Alice Owens (a pseudonym) was a child younger than seventeen years old; and
> >
> > 3.      the defendant did this with the intent to arouse or gratify the sexual desire of the defendant; or

5

**III.    Sufficient Evidence Supported the Jury's Verdict of Guilt**

Under the hypothetically correct jury charge, the State had to prove the following four elements: "(1) [Marshall] committed two or more acts of sexual abuse; (2) over a span of thirty days or more; (3) against [Owens]; and (4) that at the time of the sexual abuse [Marshall] was seventeen years of age or older and [Owens] was younger than fourteen years of age." *Williams v. State*, 305 S.W.3d 886, 889 (Tex. App.—Texarkana 2010, no pet.).[7]

Marshall argues that the jury could not have convicted him of continuous sexual abuse because there was insufficient evidence of aggravated sexual assault committed against Owens when she was younger than fourteen.  When asked when the penetration of her vagina occurred, Owens testified that she did not know, which prompted the following exchange:

> Q.    [(By the State)] Was it at the house in Linden?
>
> A.    Yes.

---

> B.    Aggravated Sexual Assault of a Child where:
>
>> 1.    the defendant intentionally or knowingly caused the penetration of the sexual organ of Alice Owens (a pseudonym) by his finger; and
>>
>> 2.    Alice Owens (a pseudonym) was a child younger than 14 years of age.
>
> 2.    these acts were committed during a period that was thirty or more days in duration; and
>
> 3.    at the time of commission of each of the acts of sexual abuse the defendant was seventeen years old or older; and
>
> 4.    at the time of commission of each of the acts of sexual abuse the victim was a child younger than fourteen years old.

"[M]embers of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed."  TEX. PENAL CODE ANN. § 21.02(d).

[7]It is undisputed that Marshall was seventeen years of age or older at the time of the offense.

6

Q. After y'all moved back from Seagoville?

A. Yes.

Q. And when y'all moved back from Seagoville, how old were you?

A. I was 13.

Q. Okay. And was it short --? Was it close to the time y'all moved back from Seagoville?

A. I don't recall.

Q. Okay. It's possible that it would have been?

A. Yes.

While we will assume that such testimony is not proof beyond a reasonable doubt that Marshall penetrated Owens's vagina when she was younger than thirteen, this does not end our inquiry.[8]

Here, as in *Williams*, the State alleged that indecency with a child and aggravated sexual assault of a child were the acts of sexual abuse committed. *See id.* at 890. Yet, proof of only two or more acts of sexual abuse of a child under fourteen over the span of thirty days or more is required. As a result, "the State [had] to prove that [Marshall] committed aggravated sexual assault two or more times; indecency with a child by contact two or more times; *or* that Williams committed at least one act of aggravated sexual assault and at least one act of indecency with a child" during the relevant time frame. *Id.* (emphasis added). In *Williams*, we found that, because the record supported two or more acts of aggravated sexual assault within the required

---

[8]Instead, this evidence was sufficient to support Marshall's convictions in cause numbers 06-23-00159-CR and 06-23-00160-CR for sexual assault of Owens at a time when Owens was seventeen or younger.

7

timeframe, Williams's complaints of insufficient evidence supporting indecency with a child were moot. *Id.* at 891.

The reasoning in *Williams* applies here. Marshall contends that there was no evidence showing he committed aggravated sexual assault by penetrating Owens's sexual organ when she was younger than fourteen. *See* TEX. PENAL CODE ANN. § 21.02(b)(2)(A). However, as in *Williams*, there was ample evidence of more than one act of indecency with a child within the required time frame. *See Williams*, 305 S.W.3d at 891. The jury heard Owens testify that she was thirteen when she moved to Linden, that Marshall touched her vagina underneath her clothing when she was thirteen, and that this touching occurred "[t]wo, three, maybe four times a week." Owens testified that she was "so used to it happening, that it was . . . weird and shocking to [her] that it wouldn't happen occasionally." Owens also said that the abuse lasted for several years, supporting a reasoned inference that the indecent touching of her sexual organ happened often from the time she was thirteen until her fourteenth birthday.

Accordingly, when viewing the evidence in the light most favorable to the jury's verdict, we find sufficient evidence showing that, at a minimum, Marshall committed two or more acts of indecency with Owens by touching her genitals at a time when she was younger than fourteen and that the two acts were committed during a period that was thirty days or more in duration. As a result, we overrule Marshall's sole point of error and affirm the trial court's judgment.

## IV.    Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:    July 5, 2024
Date Decided:    July 12, 2024

Do Not Publish