

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00260-CR

MICHAEL KING                                                    APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

----------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1372443R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Michael King appeals from his conviction and 75-year sentence for continuous sexual abuse of a child or children younger than fourteen years of age. He argues that the evidence was insufficient to support his conviction and that the jury charges at guilt-innocence and punishment contained egregious errors. Finding no error, we affirm the trial court's judgment.

---

[1]See Tex. R. App. P. 47.4.

# I. BACKGROUND

Karen had two daughters: Ann, who was born on May 11, 2003, and Lisa, who was born on January 8, 2007.[2] Karen's mother's boyfriend was King, who acted as Ann and Lisa's grandfather. In fact, they called King "Grandpa" or "Papa." In 2013, Karen and her daughters lived with Karen's mother and King for nine months, which they had done from time to time in the past. Karen's mother and King had lived together in the home since approximately 2008.

On June 13, 2013, Lisa approached Karen and told her that she had a "secret." Lisa reported that King would pull her pants down, touch her "on her vagina," and give her candy for doing it. This had been happening since Lisa was two years old. Lisa said that King did it to Ann as well. When Karen asked Ann if that had happened to her, Ann began to cry and nodded her head yes. Ann told Karen that King "put his private parts in her pants," put his fingers in her vagina, and that it had been happening since she was four years old. Ann also told Karen that King would ask her if her vagina or her buttocks "belong[ed] to him," and if Ann denied it, King would say that they did "and [there was] nothing [Ann could] do about it." Likewise, Lisa reported that King told her that her "vagina or her butt belonged to him." Karen reported Ann's and Lisa's allegations to the police.

---

[2]We use aliases for the names of the children and their family members. *See* Tex. R. App. P. 9.10; 2nd Tex. App. (Fort Worth) Loc. R. 7.

A sexual-assault nurse, Araceli Desmaris, examined both Ann and Lisa. Ann told Desmaris that King touched her "front and back part where [she] use[s] the bathroom" with his hand and put his "private inside [her] pee pee about three or more times." Ann also reported that King put his penis in her anus and touched her anus with his hand. These actions happened "lots" from when she was approximately four or five years old to when she told Karen about it at the age of ten. King told Ann not to tell Karen because it would make Karen "sad." Similarly, Lisa told Desmaris that King would pull her pants down and touch her sexual organ with his hand, would touch her sexual organ and her buttocks on top and underneath her clothes, and penetrated her vagina with his penis.

A grand jury indicted King with continuous sexual abuse of a young child or children under the age of fourteen. See Tex. Penal Code Ann. § 21.02(b) (West Supp. 2014). The indictment alleged seven acts of sexual abuse committed by King: (1) aggravated sexual assault of Ann by causing Ann's sexual organ to contact King's sexual organ; (2) aggravated sexual assault of Ann by causing Ann's anus to contact King's sexual organ; (3) aggravated sexual assault of Ann by penetrating Ann's sexual organ with his finger; (4) indecency with Ann by touching Ann's genitals; (5) indecency by causing Ann to touch King's genitals; (6) aggravated sexual assault of Lisa by causing Lisa's sexual organ to contact King's sexual organ; and (7) indecency with Lisa by touching her genitals. See id. § 21.02(c). At trial, both Ann and Lisa testified similarly to what they previously had told Karen and Desmaris. Ann testified to two specific, separate

3

incidents: one when King penetrated her anus with his penis and another when King put his finger in her vagina after putting her leg up on the kitchen counter by the sink. Lisa said while she was living in the house with King, the abuse sometimes would occur every day. A jury found King guilty of continuous sexual abuse of a young child or children and assessed his punishment at 75 years' confinement.

## II. SUFFICIENCY OF THE EVIDENCE

In his first point, King argues that the evidence was insufficient to prove that (1) the acts of sexual abuse were committed with the intent to arouse or gratify the sexual desire of any person and (2) the offenses were committed during a period lasting thirty or more days and after the offense of continuous sexual abuse of a child was effective. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). This standard gives great deference to the fact-finder and bars our re-evaluation of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We measure the sufficiency of the evidence by the elements of the offense as defined by the hypothetically correct jury charge for the case, which is a charge

4

that, among other requirements, is authorized by the indictment. *See Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011). The law as authorized by the indictment means the statutory elements of the charged offense as modified by the factual details and legal theories contained in the charging instrument. *See Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013).

## A. INTENT

A person commits the offense of continuous sexual abuse of a young child or children if

(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

(2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.

Tex. Penal Code Ann. § 21.02(b). An act of sexual abuse is defined as an act that violates one or more laws, including indecency with a child by contact and aggravated sexual assault. *Id.* § 21.02(c)(2), (4). A person commits the offense of aggravated sexual assault if the person intentionally or knowingly causes contact with or the penetration of the anus or sexual organ of a child under the age of fourteen by any means. *Id.* § 22.021(a)(1)(B) (West Supp. 2014). A person commits the offense of indecency with a child by contact if the person engages in sexual contact with the child or causes the child to engage in sexual contact. *Id.* § 21.11(a)(1) (West 2011). Sexual contact, in turn, is defined as

committing certain sexual acts "with the intent to arouse or gratify the sexual desire of any person." *Id.* § 21.11(c). Therefore, the intent to arouse or gratify the sexual desire of any person is an essential element of the offense of indecency with a child by contact and, thereby, of continuous sexual abuse of young children alleging an indecency-with-a-child-by-contact offense as an act of sexual abuse. *See id.* §§ 21.02(c)(2), 21.11(a)(1), (c).

Three of the seven alleged acts of sexual abuse in the indictment were acts equating to indecency with a child by contact; thus, the intent to arouse or gratify the sexual desire of any person was an essential element of those alleged acts of sexual abuse. However, this specific intent may be inferred from conduct, remarks, or the surrounding circumstances. *See Bazanes v. State*, 310 S.W.3d 32, 37 (Tex. App.—Fort Worth 2010, pet. ref'd); *Couchman v. State*, 3 S.W.3d 155, 163 (Tex. App.—Fort Worth 1999, pet. ref'd). The evidence we previously recited, including Ann's and Lisa's testimonies at trial, is sufficient to infer that King had the requisite intent to commit indecency with a child by contact equating to continuous sexual abuse of young children. *See Bazanes*, 310 S.W.3d at 40–41; *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort Worth 2007, no pet.); *see also Cano v. State*, No. 09-13-00223-CR, 2015 WL 690763, at *2–4 (Tex. App.—Beaumont Feb. 18, 2015, no pet.) (mem. op., not designated for publication) (concluding evidence of continuous sexual abuse, alleging aggravated sexual assault and indecency as acts of sexual abuse, was sufficient to sustain conviction and recognizing testimony of child victim alone enough).

Further, King does not challenge the sufficiency of the evidence to support his intent to commit aggravated sexual assault, which were the other four alleged acts of sexual abuse in the indictment. These four alleged acts of sexual abuse were qualifying acts of sexual abuse under the charged statute that were sufficient to support the conviction, which renders King's argument moot. *See Williams v. State*, 305 S.W.3d 886, 890–91 (Tex. App.—Texarkana 2010, no pet.).

## B. DATE

King's argument directed to the effective date of the statute governing continuous sexual abuse of a young child or children—September 1, 2007—focuses on Ann's testimony that one incident with King occurred when she was four, which would have occurred after her fourth birthday on May 11, 2007. King opines that "[a]ssuming the alleged conduct started on her actual fourth birthday, there were at least four months during which, if the abuse occurred at all, it could have occurred prior to the effective date of the statute." This argument fails to accord the appropriate deference to the fact-finder's determination that King's actions occurred on or after September 1, 2007, which is supported by testimony regarding other acts of sexual abuse occurring during 2013. *Cf. Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012) ("For the evidence to be sufficient, the State need not disprove all reasonable alternative hypotheses that are inconsistent with the defendant's guilt.").

Similarly, King's assertion that the evidence does not support a conclusion that the acts of sexual abuse occurred during a period that lasted thirty or more days is without merit. King argues that "[w]e do not know, based upon these unreliable witnesses and unspecified time frames whether the incidents occurred within 30 days of one another or for a period of over 30 days." Again, the reliability of the witnesses who testified to the dates and duration of the acts of sexual abuse was a determination for the jury, not this court. We may not second-guess their finding that the alleged acts of sexual abuse occurred for thirty days or longer. Indeed, Ann's, Lisa's, and Karen's testimonies supported the jury's reasonable inference that the acts of sexual abuse met the statutory definition for duration. *See Williams*, 305 S.W.3d at 889–90. We overrule King's first point.

### III.  ALLEGED ERROR IN THE JURY CHARGES

In his second and third points, King challenges the trial court's jury charges. King admits that he did not object to either charge on the grounds he now raises; therefore, we determine whether any error occurred and, if so, whether the error resulted in egregious harm. *See* Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006); *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013); *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). Egregious harm is "assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a

8

whole." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

The jury charge at guilt-innocence provided that the State was not bound to prove a date certain for the offense:

> [T]he State is not bound to prove the exact date alleged in the indictment, but may prove the offense, if any, to have been committed at any time prior to the presentment of the indictment so long as said offense, if any, occurred during the period governed by the Statute of Limitations for said alleged offense.

*See* Tex. Code Crim. Proc. Ann. art. 21.02(6) (West 2009). In his second point, King asserts that this instruction failed to appropriately limit the period within which the acts of sexual abuse occurred to those occurring only after the effective date of the statute on September 1, 2007. But the charge also instructed the jury that "a person commits the offense of continuous sexual abuse of a young child or children if, after September 1, 2007, and during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse." There was no error in the charge, and we overrule King's second point.

King next contends that the jury charge at punishment erroneously included an instruction that King would not be eligible for early release on parole. While King concedes that his conviction for continuous sexual abuse of a young child or children renders him ineligible for parole consideration, he asserts that the instruction's inclusion was error. *See* Tex. Gov't Code Ann. § 508.145(a) (West Supp. 2014). Even if the inclusion of the parole instruction was error, it did not result in egregious harm to King. King relied on the instruction in his closing

9

argument to the jury and urged the imposition of a lesser sentence based on the lack of any possible parole reduction.  Because the instruction benefitted King and King relied on it as such, he was not deprived of a fair and impartial trial by its inclusion.  *See Jewell v. State*, 593 S.W.2d 314, 317 (Tex. Crim. App. [Panel Op.] 1978); *Guzman v. State*, No. 05-03-00465-CR, 2004 WL 406390, at *3 (Tex. App.—Dallas Mar. 5, 2004, pet. ref'd) (not designated for publication).  We overrule point three.

## IV.  CONCLUSION

Having overruled King's points, we affirm the trial court's judgment.  *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 29, 2015