PD-1617-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/28/2015 10:41:41 PM
Accepted 12/29/2015 3:59:09 PM
ABEL ACOSTA
CLERK

PD-1617-15

TO THE HONORABLE COURT OF CRIMINAL APPEALS IN AND FOR THE STATE OF TEXAS:

Now Comes PIO HILARION JIMENEZ and files this Petition for

Discretionary Review of the decision of the Seventh Court of Appeals in Amarillo,

Texas rendered on October 26, 2015 in Cause Number 07-13-00303-CR, styled

Pio Hilarion Jimenez vs. The State of Texas.


IDENTITIES OF PARTIES AND COUNSEL

Appellant:
Mr. Pio Hilarion Jimenez

Counsel for Petitioner:

Mr. Eric S. Coats
1716 S. Polk Street
Amarillo,Texas 79102
806-374-1333
ecoatslaw@gmail.com

Trial Counsel for Petitioner:
R. Walton Weaver
320 South Polk, Suite 301
Amarillo, Texas 79101

Respondent:
The State of Texas
Randall County District Attorney:
Mr. James A. Farren
Mr. Warren L. Clark

FILED IN
COURT OF CRIMINAL APPEALS

December 29, 2015

ABEL ACOSTA, CLERK

Ms. Amy Rhoades
Mr. Robert Love
Randall County Justice Center
2309 Russell Long Blvd., Ste. 120
Canyon, Texas 79015


Trial Judge:
Hon. David Gleason by assignment
181ST District Court
501 South Fillmore
Amarillo TX, 79101

## TABLE OF CONTENTS

GREETINGS AND IDENTIFICATION 1

TABLE OF CONTENTS 3

INDEX OF AUTHORITIES 4

STATEMENT REGARDING ORAL ARGUMENT 5

STATEMENT OF THE CASE 5

STATEMENT OF PROCEDURAL HISTORY 6

GROUNDS FOR REVIEW 6

ARGUMENT 7

PRAYER 15

## INDEX OF AUTHORITIES

<u>STATUTES</u>

Texas Penal Code Section 21.02        5,6,7,13


<u>CASE LAW</u>

*Dixon v. State*, 201 S.W.3d 731 (Tex.Crim.App. 2006)    9

*Smith v. State*, 330 S.W.3d 41 (Tex. App-Houston [1st Dist.] 2011, no pet.) 8,10

*Swearingen v. State*, 101 S.W.3d 89 (Tex.Crim.App. 2003)   11

*Williams v. State,* 305 S.W.3d 886, 890 (Tex.App-Texarkana 2010, no pet.) 8

## STATEMENT REGARDING ORAL ARGUMENT

This case involves an issue of statutory interpretation which should be settled by the Court of Criminal Appeals. The Seventh Court of Appeals has addressed the issue applying a less stringent burden of proof to an element of the offense than the statute requires. There are also questions of law regarding jury charge errors where the erroneous instructions were deemed not to have caused egregious harm though such errors caused a fundamental departure from the bounds of the law.  Petitioner believes oral argument would help crystalize these issues for the Court.

## STATEMENT OF THE CASE

Petitioner, Pio Jimenez, was accused of sexually abusing A.F., who was a child.  The allegations involved abuse prior to the active date of Section 21.02 of the Texas Penal Code as well as one allegation around Christmas of 2008.  Only the Christmas 2008 allegation was connected to a period of time after September 1, 2007, the active date of the statute. Petitioner was indicted by a Randall County Grand Jury for the felony offense of Continuous Sexual Abuse of a Young Child on February 12, 2012. Petitioner was found guilty by a jury on August 9, 2013 and

sentenced to fifty (50) years in prison.

## STATEMENT REGARDING PROCEDURAL HISTORY

The Seventh Court of Appeals affirmed the trial court's judgment in Cause No. 07-13-00303-CR on September 29, 2015. Petitioner filed a motion for rehearing on October 13, 2015. The Seventh Court of Appeals withdrew its prior Opinion and issued a new Opinion on October 26, 2015, which affirmed the judgment of the trial court. On the same date, the Seventh Court of Appeals denied Petitioner's motion for rehearing.

## GROUNDS FOR REVIEW

1. Can a conviction for an offense under Section 21.02 of the Texas Penal Code stand where the timing of only one event alleged was proved at trial?

2. Can errors that allow the jury to consider events preceding the enactment of Texas Penal Code Section 21.02 and that do not require the jury to find that alleged events must be 30 days or more apart be harmless when only one event alleged is tied to a relevant date?

# ARGUMENT

## I. SUFFICIENCY OF THE EVIDENCE

Continuous sexual abuse of a child is an offense that combines the offense of sexual assault of a child with a timing element to produce a more serious crime. Section 21.02(b) states in part, "A person commits an offense if: (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims;" The effective date of the statute was September 1, 2007. The Opinion of the Seventh Court of Appeals eliminates the need for the State to prove the timing element.

The sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge for the case, not the charge actually given. *Hardy v. State*, 281 S.W.3d 414, 421 (Tex.Crim.App. 2009). The Opinion states, "With one exception, the dates of the events A.F. said occurred in Texas are unclear from her testimony." (Opinion : 6). Despite this accurate assessment of the shortcoming in the State's case, the Opinion goes on to weave a tapestry of possibilities that would place the undated events alleged within the temporal parameters necessary to support a conviction. The Opinion allows the

jury to infer dates and time ranges unproven at trial to support it's verdict, not because such inferences are supported by the evidence, but because such inferences were possible, and necessary to support the jury's verdict. The result is that the State was relieved of its duty to prove the elements of the crime alleged beyond a reasonable doubt.

The Opinion cites two cases that support its rationale that dates do not need to be specifically proven.[1] However, contrary to the concrete periods of time implicated in the cited cases, the Opinion cited an approximate date for only one allegation. "With the exception of the Christmas 2008 incident, A.F.'s testimony was unclear whether the particular acts of abuse she described occurred while her family lived with appellant or after their move to Canyon. The date of their move to Canyon also is unclear from the record." (Opinion : 7). However the court of appeals did not see the lack of proof as an impediment to conviction. The Opinion states, "And, from her statements regarding the 'things that happened' when appellant came home early from work after her family's move to their own house, the jury properly could have inferred there were, during that time, more instances of sexual abuse than those A.F. specifically described." (Opinion : 17). Even

---

[1]*See Smith v. State*, 330 S.W.3d 41, 48 (Tex. App-Houston [1st Dist.] 2011, no pet.) (Citing a period of continuous abuse lasting approximately 85 days). *See also Williams v. State,* 305 S.W.3d 886, 890 (Tex.App-Texarkana 2010, no pet.) (Citing a period of 5 months with continuous abuse.)

without considering the fact that the date of the family's move to their own house was unknown, there could not be a better description of a verdict based on the assumption of facts not in evidence. The Opinion expands the standard from one not requiring specific dates for two or more acts committed over a stated period of time to one requiring two acts.

*Smith supra* cites *Dixon v. State*, 201 S.W.3d 731, 737 (Tex.Crim.App. 2006) as the genesis for the statute herein and the principle that dates, though elements of the offense, need not be proven with absolute certainty if the times of the alleged events meet the structure of the statute, a period 30 days or more in duration. However, in her concurrence in *Williams*, among the legal principles Justice Cochran thought could be improved by a new statute were double jeopardy, jury unanimity, and due-process notice. It is hard to imagine that an intended consequence of the new statute would be to create a law based on actions over a stated period of time and not require proof that the allegations occurred within the stated period of time. Certainly a defendant's protection from double jeopardy, his right to a unanimous verdict, and his right to due-process notice would be denied if the statute were determined as loosely as the Opinion instructs.

The period of time is an element of the statute. The absence of technical

scrutiny applied to dates in an "on or about" allegation in an indictment cannot be applied when the time periods specified are elements of the offense. Such a standard would not be deemed legally sufficient with regard to elements of other crimes. In a murder case, the identity of the accused must be established to a legal certainty, proof of the weapon alleged must be established, death must be proven as well as its cause. Courts would never abide a murder conviction based on testimony that failed to identify the accused, or where the jury was left to infer the cause of death from a realm of possibilities. The State should not be relieved of the burden of proving the elements of a crime.

That is precisely what the Seventh Court of Appeals allowed in this case. The State proved one event happened around Christmas 2008. No other event was tied to a time. The use of markers such as "after moving to Canyon" and "when he came home early from work" are not helpful when the dates of these events were not established before the jury. These undated events stand in stark contrast to the approximated period from September 22, 2007 to December 15, 2007 shown in *Smith*. The statute does not require that date of events be proved with certainty, but it should require that a period of time during which the events occurred be proven with some degree of certainty. This cannot be accomplished when only one event is placed in time. With the State having only proved the approximate

date of one event within the applicable period of the statute, a reasonably minded jury acting under a hypothetically correct charge would have necessarily entertained a reasonable doubt of Petitioner's guilt. *Swearingen v. State*, 101 S.W.3d 89,95 (Tex.Crim.App. 2003).

## II. CHARGE ERROR

The Seventh Court of Appeals found two errors in the court's charge. Petitioner did not object to either charge error. The first error failed to instruct the jury that the State was required to prove two or more of the incidents occurred thirty or more days apart from the other. "The paragraph's language stating that conviction required two or more acts of sexual abuse "during a period that was 30 or more days in duration, to-wit: from on or about September 1, 2007 to on or about January 1, 2010" told the jury it could find appellant guilty so long as two or more acts of sexual abuse occurred between the dates mentioned, regardless whether they occurred over a period of at least thirty days." (Opinion : 11). It is hard to imagine how such an error did not egregiously harm Petitioner when only one allegation was tied to a date. The Opinion cites other instructions as being curative because the jury was otherwise instructed that the abuse must continue during a period of 30 days or more in duration. (Opinion : 12). However, this instruction has no curative value because the application paragraph describes a

period of 30 days or more in duration as "to wit: from on or about September 1, 2007 to on or about January 1, 2010." (Opinion : 11).[2]  Given that instruction in the application paragraph, the jury is instructed to understand that the two terms are synonymous.  If the Court has instructed the jury that the two terms carry the same meaning, the jury would not be free to interpret "a period of 30 days or more in duration" as something other than "from on or about September 1, 2007 to on or about January 1, 2010."  The terms under the law given the jury were one and the same.  When the jury saw one term, it was instructed to see the other.  Therefore, the use of the statutory language does not correct the trial courts erroneous definition of how the statutory language should be applied to the case.

Though the Opinion refers to arguments of State and defense counsel as having been curative; this is unrealistic.  The jury is instructed on the law by the trial court.  It would be improper for the jury to consider the arguments of counsel as controlling when those arguments conflict with the law of the charge.  This presumes that the jury would know to disregard the charge and related instructions of the trial court on issues of law when those instructions were wrong.  Jurors should not be assumed to have disregarded the trial court on issues of law.  The error was egregiously harmful to Petitioner as the State was able to prove only the

---

[2]This error was especially harmful when combined with the trial court's failure to exclude from consideration events that occurred prior to September 1, 2007.

12

approximate date of one allegation with any degree of certainty and still obtain a conviction.

The second error in the charge allowed the jury to consider allegations that pre-dated the enactment of Texas Penal Code Section 21.02. The charge stated, "You are instructed that the phrase 'on or about' in an indictment means any time prior to the presentment of the indictment that is within the applicable statute of limitations period. There is no statute of limitations period for the offense of Continuous Sexual Abuse of a Young Child, the offense charged in this case." (Opinion : 15 at footnote 7). There was no limiting instruction given that prevented the jury from considering any allegation prior to September 1, 2007. (Opinion : 15). This error allowed the State to prove its case without temporal limitation. Petitioner was egregiously harmed by this error because all of the allegations made at trial could have occurred either prior to September 1, 2007, or within thirty days of the incident that happened around Christmas 2008. A.F. estimated that Petitioner assaulted her vaginally 2 or 3 times and indicated that Petitioner had anally assaulted her more. (R.R. IV : 59). A.F. indicated that Petitioner assaulted her when he came home early from work, but there was no indication of when or how many times that happened. (R.R. IV : 61). In a case based upon a small number of alleged assaults, it is critical that two of these be

placed within the appropriate time period. This is especially true given that five of the descriptive allegations made by A.F. occurred in another jurisdiction or probably occurred prior to September 1, 2007. (Opinion 8,15, 17). The jury was left with only the Christmas 2008 allegation being linked to a time within the bounds of the law. Petitioner was greatly harmed by the jury's ability to consider allegations prior to the operative period of the statute. This error was compounded by the failure of the court to require the jury to find two offenses over a period of 30 days or more.

The result of the Opinion is that prosecutors would be wise to never connect an allegation to any point in time, and to avoid instructing the jury on the specific timing requirements defined by the statute. If the timing need not be proved, and inaccurate instructions were deemed harmless, it would be unwise for a prosecutor to introduce evidence or seek instructions which may exclude any allegation. It is an especially odd result when applied to a statute which makes the timing of the events alleged an element of the crime.

## PRAYER

For the stated reasons, petitioner respectfully prays that Court of Criminal Appeals accept this case for review and acquit Petitioner due to the legal

14

insufficiency of the evidence caused by the State's failure to prove two of the alleged assaults were committed within the operative dates of the statute and occured 30 days or more apart, or remand the case for a new trial where the harm caused him by the erroneous jury instructions can be corrected.

Respectfully submitted,

/S/ Eric Coats.

Petitioner's Lawyer
SBN: 00783845 1716
S. Polk Street
Amarillo, Texas 79102
806-374-1330
ecoatslaw@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was delivered to Warren L. Clark and the State Prosecuting Attorney by email.

/S/ Eric Coats.

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document contains 2558 words.

/S/ Eric Coats.



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00303-CR

PIO HILARION JIMENEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 23,164-B, Honorable David Gleason, Presiding

October 26, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

The Court this day has withdrawn its opinion dated September 29, 2015 and issued the following opinion in its place. The motion for rehearing filed by appellant Pio Hilarion Jimenez is overruled.

Appellant appeals from his conviction by jury of the offense of continuous sexual abuse of a child and the resulting sentence of fifty years of imprisonment. Appellant

challenges his conviction through four issues.  We will affirm the judgment of the trial court.

## Background

Appellant was indicted for continuous sexual abuse of a child,[1] A.F., occurring between September 1, 2007 and January 1, 2010.  Appellant is an uncle of A.F.'s father, and their families were once close.  A.F.'s father lived with appellant and his wife in California for several years.  During that time, A.F.'s mother and father met, married, and had two children, Alex and A.F.  Appellant and his wife later moved to Amarillo, Texas and, in the summer of 2007, A.F.'s family also moved.  They again lived with appellant and his wife.  At some point, A.F.'s family moved to their own home in Canyon, Texas.  Even after moving to their own home, the children spent a lot of time with appellant and his wife.  A.F. and her brother testified they often went to appellant's home after school.

A.F., thirteen years old at the time of trial, testified to several instances of sexual abuse by appellant, beginning when they lived in California and continuing after the

---

[1] The indictment here alleged that "defendant, during a period that was 30 or more days in duration . . . from on or about September 1, 2007 to on or about January 1, 2010 . . . did then and there . . . intentionally and knowingly commit two or more acts of sexual abuse against [A.F.], a child younger than 14 years of age, namely, the following acts:"

- aggravated sexual assault by causing the penetration of A.F.'s anus by appellant's sexual organ;
- aggravated sexual assault by causing the penetration of A.F.'s sexual organ by appellant's sexual organ;
- aggravated sexual assault by causing the sexual organ of A.F. to touch appellant's sexual organ;
- aggravated sexual assault by causing the anus of A.F. to contact appellant's sexual organ and
- indecency with a child by causing A.F. to engage in sexual contact with appellant by causing A.F. to touch appellant's genitals and that appellant engaged in this conduct to arouse and gratify his sexual desires.

2

family moved to Texas. She testified to instances of anal and vaginal penetration, as well as genital touching. A.F. told her father about the abuse in December 2010, when A.F. was ten. Police were notified and A.F. was interviewed and examined by a sexual assault nurse examiner (SANE).

Appellant did not testify at trial, but presented a defense asserting no acts of sexual abuse had occurred. He relied on testimony from members of his family, and on that of a medical doctor, who expressed disagreement with the opinion of the SANE nurse. His defense emphasized the inconsistencies in A.F.'s accounts, the doubt such acts of abuse could occur under the circumstances she described, and the absence of clinical evidence of trauma to her genitalia or anus.

The jury found appellant guilty as charged in the indictment and assessed punishment as noted. Appellant filed a motion for new trial and the trial court held a hearing, after which it denied the motion. This appeal followed.

Analysis

Sufficiency of the Evidence

By his first issue, appellant asserts the evidence supporting his conviction was insufficient. His challenge to the evidence is limited. He does not contest the sufficiency of the evidence he committed acts of sexual abuse against A.F., but argues only there was no proof two acts of sexual abuse occurred within the time frame required under Penal Code section 21.02.

In evaluating the sufficiency of the evidence supporting a conviction, our inquiry is "whether, after viewing the evidence in a light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Garcia v. State,* 367 S.W.3d 683, 686-87 (Tex. Crim. App. 2012) (*citing Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). It is the role of the trier of fact to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from that evidence. *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (*citing Jackson*, 443 U.S. at 318-19 (1979)). The trier of fact is the sole judge of the credibility of witnesses and the weight, if any, to be given to their testimony. *Garcia*, 367 S.W.3d at 686-87; *Brooks v. State,* 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). The State may prove the elements of an offense by either direct or circumstantial evidence. *Hooper,* 214 S.W.3d at 13.

In a legal sufficiency review "circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Id.* If the record could support conflicting inferences, we presume that the fact finder resolved the conflict in favor of the prosecution and defer to that resolution. *Garcia,* 367 S.W.3d at 687. We measure the sufficiency of the evidence against the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

To establish continuous sexual abuse of a child, the State must prove (1) the defendant committed two or more acts of sexual abuse, (2) during a period that is 30 or more days in duration, and (3) at the time of the commission of each of the acts of sexual abuse, the defendant was 17 years of age or older and the victim was a child

4

younger than 14 years of age. *Williams v. State*, 305 S.W.3d 886, 889 (Tex. App.—Texarkana 2010, no pet.). The testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *Lee v. State,* 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd). A child victim is not required to be specific about the dates the abuse occurred. *Ruiz v. State,* Nos. 05-12-01703-CR, 05-12-01704-CR, 2014 Tex. App. LEXIS 7083, at *27 (Tex. App.—Dallas June 30, 2014, no pet.) (mem. op., not designated for publication).

Although the exact dates of the abuse need not be proven, the offense of continuous sexual abuse of a child does require proof that there were two or more acts of sexual abuse that occurred during a period that was thirty or more days in duration. *See* TEX. PENAL CODE ANN. § 21.02(d); *Williams,* 305 S.W.3d at 890-91 (State must prove two acts of sexual abuse "committed over a span of thirty or more days"). Under the statute, "members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." TEX. PENAL CODE ANN. § 21.02(d).

The indictment alleged appellant abused A.F. during a period beginning September 1, 2007, the effective date of the continuous sexual abuse statute. Evidence of acts of sexual abuse occurring before that date was admissible,[2] but appellant's conviction for continuous sexual abuse cannot be based on his conduct before the

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 (West 2013).

5

statute's effective date. *Martin v. State*, 335 S.W.3d 867, 876 (Tex. App.—Austin 2011, pet. ref'd).

A.F. testified to an event of sexual abuse by appellant that occurred in California before her family moved to Texas, an event that occurred in a rented Penske truck during appellant's move to Texas,[3] and multiple events after her family moved to Texas. With one exception, the dates of the events A.F. said occurred in Texas are unclear from her testimony. The exception is an incident of sexual abuse that, the parties agree, occurred around Christmas in 2008, according to A.F.'s testimony. She testified she was helping put up Christmas lights at appellant's house and her aunt sent her to the garage for nails. While she was in the garage, appellant pulled down her pants and assaulted her vaginally and anally. She said her brother came into the garage and saw that her pants were down. A.F.'s brother testified to the same event, telling the jury he approached the garage and saw A.F. with her pants down and appellant was sitting down "facing her."

Appellant's contention is that no evidence shows any other act of sexual abuse occurred after September 1, 2007, and thirty or more days before the Christmas 2008 incident.

With regard to proof of a second act of sexual abuse occurring after September 1, 2007, appellant's brief makes specific reference to an incident of abuse A.F. said occurred in appellant's van after A.F.'s family moved to Texas. There, she said,

---

[3] Testimony showed she and her brother accompanied appellant's family on the trip to Texas before her own family moved.

6

appellant "[p]ut his thing in [her] butt."[4] Appellant acknowledges that A.F.'s testimony can be understood to state that this "van incident" occurred after her family moved from appellant's house. Because there was testimony from which the jury reasonably could have determined A.F.'s family moved to their own home in Canyon after September 1, 2007, the testimony of the "van incident" alone provided evidence appellant committed an act of abuse after that date other than the Christmas 2008 incident.

The jury also rationally could have determined the "van incident" or another act of sexual abuse occurred thirty or more days before the Christmas 2008 incident. A.F. told the jury that, because both her parents worked, she and her brother went to appellant's house many days after school even after they moved to their own home. She was asked, "What do you remember happening after you moved into your own house and didn't live at [appellant's] house any more?" She responded, "A lot of things happened. He pretty much would do it every day. When he would come home from work, he would do it." She later clarified that appellant engaged in the abusive conduct when he came home early from work, and that it was not every day he did so.

A.F. later also told the jury appellant put his "thing" in her "butt" more than he put his "thing" in her "front." She testified he put his "thing" in her "front" about "two or three" times but could not recall how many times he had put it in her "butt." She also testified appellant would "make me touch his thing" and make her "move it up and down." She

---

[4] By use of anatomical drawings, A.F. identified appellant's "thing" as his penis and her "thing" as her female sexual organ.

7

testified she would see "[w]hite sticky stuff" come out and [appellant] would clean it up with "brown hard paper" towels.[5]

With the exception of the Christmas 2008 incident, A.F.'s testimony was unclear whether the particular acts of abuse she described occurred while her family lived with appellant or after their move to Canyon. The date of their move to Canyon also is unclear from the record. But nothing about A.F.'s testimony suggests that the multiple and varied acts of sexual abuse she described occurred in the compressed period of time within thirty days of the Christmas incident. And the evidence appellant had established a practice of sexually abusing A.F. even before the families moved to Texas, coupled with the evidence suggesting he abused A.F. soon after her family moved into his home,[6] if believed, provided the jury strong evidence that the acts of sexual abuse were not limited to the period of time around Christmas 2008.

The testimony of A.F.'s counselor also told the jury appellant's abuse of A.F. was continuous over a period of time. She told the jury she began seeing A.F. in February 2011 and stated A.F. "described acts of anal and vaginal penetration [by appellant] from the time she was six years old up until about the time she was ten years old, from California all the way through Texas, through her move to Texas." The SANE nurse testified that at her examination, A.F. described the history of the sexual abuse by

---

[5] She also stated appellant would "lick my boobs" and would tell her "that they were going to make them bigger."

[6] A.F. described an incident of abuse that occurred on an occasion in which she had been in appellant's bedroom looking at her aunt's jewelry with her mom and aunt. Her brother and her dad were in the living room. Appellant called for A.F. to go outside and "he did it again." As described, this incident could have occurred while both families were living in appellant's home. Appellant's brief also makes reference to "the initial garage incident," which, he asserts, "probably" occurred before September 1, 2007, if at all.

appellant. She told the jury A.F. described a number of events that included genital touching and anal and vaginal penetration, occurring over a period of time. Among others, she related instances of sexual abuse by appellant after her family moved to their own house and through Christmas 2008.

It was the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Hooper,* 214 S.W.3d at 13. After review of the entire record, and considering the evidence in the light most favorable to the verdict, we conclude without difficulty that it permitted a rational jury to find beyond reasonable doubt that appellant committed two or more acts of sexual abuse against A.F. after September 1, 2007 and over a period thirty or more days in duration. *See Smith v. State,* 340 S.W.3d 41, 48 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Williams,* 305 S.W.3d at 890; *McGough v. State,* No. 11-10-00073-CR, 2012 Tex. App. LEXIS 1669 (Tex. App.—Eastland March 1, 2012, no pet.) (mem. op. not designated for publication). The evidence is sufficient to support appellant's conviction, and his first issue is overruled.

Jury Charge Error

By his second and third issues, appellant contends the court's charge to the jury contained errors, and the errors deprived him of a fair trial.

Reviewing assertions of error in a jury charge, we first determine whether the charge contains error, and if so, we then determine whether the error was sufficiently harmful to require reversal. *Kirsch v. State,* 357 S.W.3d 645, 649 (Tex. Crim. App. 2012); *Hailey v. State,* 413 S.W.3d 457, 495 (Tex. App.—Fort Worth 2012, pet. ref'd).

9

The degree of harm required for reversal depends on whether the error was preserved. *Villarreal v. State,* 453 S.W.3d 429, 433 (Tex. Crim. App. 2015); *Kirsch*, 357 S.W.3d at 649. When error is preserved in the trial court, the record must show only "some harm." *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). When error is not preserved, reversal is required only if there was "egregious harm," i.e., the error was so egregious and created such harm that the defendant was deprived of a fair and impartial trial. *See Villarreal,* 453 S.W.3d at 433. Neither of the errors appellant raises on appeal were brought to the trial court's attention, so the egregious harm standard will apply.

We begin with appellant's third issue.

30-day Requirement Under Statute

By his third issue, appellant contends the charge failed to require the jury to find he committed two or more acts of sexual abuse over at least thirty days in order to find him guilty.

In support of his contention, appellant relies on *Smith,* 340 S.W.3d at 50, in which the application paragraph contained the statement, "Now, if you find from the evidence beyond a reasonable doubt that on or about the 1st day of December, 2007, through the 1st day of September, 2008, which said time period being a period that was 30 days or more in duration, in Brazoria County, Texas, the defendant, Jesse James Smith, committed two or more acts of sexual abuse against [the complainant] . . .". Addressing that language, the court said, "[t]he precise phrasing in the application paragraph does not specifically require a finding that the last act of sexual abuse occurred on at least

10

the 29th day after the day of the first act."  Instead, the language lacked clarity because, read literally, it allowed the jury to find the defendant guilty so long as two or more acts of sexual abuse occurred between December 2007 and September 2008, regardless whether they occurred at least thirty days apart.  *Id.*

Appellant contends the application paragraph here contains the same error. It provides, "Now, . . . if  you unanimously believe from the evidence beyond a reasonable doubt that [appellant], during a period that was 30 or more days in duration, to-wit: from on or about September 1, 2007 to on or about January 1, 2010, in the County of Randall, and State of Texas, did then and there, when the defendant was 17 years of age or older, intentionally or knowingly commit two or more acts of sexual abuse against [A.F.], a child younger than 14 years of age . . .".  The charge also instructed the jury that the "phrase 'on or about' in an indictment means any time prior to the presentment of the indictment that is within the applicable statute of limitations period. There is no statute of limitations period for the offense of Continuous Sexual Abuse of a Young Child, the offense charged in this case."

We agree with appellant that the application paragraph, like that in *Smith*, 340 S.W.3d at 50, confused the statutory thirty-day-period requirement with the "on or about" period alleged in the indictment. The paragraph's language stating that conviction required two or more acts of sexual abuse "during a period that was 30 or more days in duration, to-wit: from on or about September 1, 2007 to on or about January 1, 2010" told the jury it could find appellant guilty so long as two or more acts of sexual abuse occurred between the dates mentioned, regardless whether they occurred over a period of at least thirty days.  *See Smith*, 340 S.W.3d at 50-51.  The paragraph

11

erroneously suggested to the jury that the thirty-day requirement was met if it found appellant committed two or more such acts between September 1, 2007 and January 1, 2010. *See Knowles v. State*, No. 04-12-00180-CR, 2013 Tex. App. LEXIS 2873 at *14 (Tex. App.—San Antonio Mar. 20, 2013, pet. ref'd) (mem. op., not designated for publication) (concluding application paragraph, unlike that in *Smith*, reflected the language and structure of the continuous abuse statute by expressly requiring finding that defendant committed two or more acts during a period of thirty or more days).

We turn, then to a determination whether the error was egregiously harmful to appellant. Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Villarreal,* 453 S.W.3d at 433; *see Allen v. State,* 253 S.W.3d 260, 264 (Tex. Crim. App. 2008). Egregious harm is a "high and difficult standard" to meet, and such a determination must be "borne out by the trial record." *Villarreal,* 453 S.W.3d at 433 (*citing Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013)). We will not reverse a conviction unless the defendant has suffered "actual rather than theoretical harm." *Id.* (*citing Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011)). We consider (1) the entirety of the jury charge, (2) the state of the evidence, including the contested issues and weight of probative evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the trial record as a whole. *Villareal,* 453 S.W.3d at 433.

Considered in the context of the entirety of the charge, we find the erroneous wording of the application paragraph did not cause appellant egregious harm. More than once, the charge independently stated the requirement that the acts of sexual abuse be committed during a period of thirty or more days, or stated that requirement in

12

a way to distinguish it from the "on or about" dates. As examples, the beginning paragraph of the charge told the jury appellant "stands charged by indictment with the offense of Continuous Sexual Abuse of a Young Child, alleged to have been committed in Randall County, Texas, from on or about September 1, 2007 to on or about January 1, 2010 and continuing during a period of 30 or more days in duration." The next paragraph defined the elements of the offense, including the requirement that commission of the acts of sexual abuse occur "during a period that is 30 or more days in duration," without any mention of the "on or about" dates of September 1, 2007 to January 1, 2010. The charge also contained a sentence like that cited in the harm analysis in *Smith,* stating, "You are required to agree unanimously that the defendant . . . during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." *See Smith*, 340 S.W.3d at 51. As in *Smith*, the sentence immediately precedes the application paragraph. *Id.* And the charge later contained a sentence referring to the jury's determination "whether two or more incidents occurred 30 or more days in duration during the time frame alleged in the indictment." All these references serve to mitigate the impact of the erroneous application paragraph language.

As to the state of the evidence, appellant's defense contended no act of sexual abuse occurred. With regard to the dates of the incidents A.F. described, and the evidence that two such incidents occurred thirty days apart, A.F. and her brother described one incident as occurring near Christmas 2008. A.F. also described incidents that appeared to occur closer to the time A.F.'s family moved to Texas in the summer of 2007. Appellant contends on appeal that one or more of those incidents occurred

13

before September 1, 2007. Nothing in the evidence suggests that the several other incidents of abuse A.F. described were clustered within thirty days of Christmas 2008. The state of the evidence thus weighs against a finding of egregious harm.

The arguments of counsel strongly indicate appellant was not egregiously harmed by the error in the application paragraph. Both the prosecutor and appellant's counsel made abundantly clear in their arguments that the jury must find two acts of sexual abuse occurred over a period of thirty days or more. Appellant's counsel emphasized the instruction that jurors need not agree which acts occurred, but must agree that two acts occurred, as he put it, "more than thirty days apart." The prosecutor also argued that the testimony of a particular witness showed that appellant's acts "were at least 30 days apart."

Two other aspects of the record bear on the harm analysis. The State's indictment, read to the jury, contained language similar to that in the charge's application paragraph, alleging that appellant "during a period that was 30 or more days in duration, to-wit: from on or about September 1, 2007 to on or about January 1, 2010, and before the presentment of this indictment, in said County and State, did then and there . . . intentionally and knowingly commit two or more acts of sexual abuse . . . ." On the other hand, during voir dire, the prosecutor thoroughly discussed the requirement of proof that acts of sexual abuse occurred thirty or more days apart. She used a calendar as a demonstrative aid, and depicted for the venire examples of evidence that would, or would not, satisfy the thirty-day requirement. As one example, she asked a venire member if proof that a defendant committed sexual abuse every day for the 28 days of February would satisfy the thirty-day requirement. He correctly

14

responded that it would not. At least two other venire members raised questions about the requirement, leading to further discussion.

We find the application paragraph erroneously failed to make clear to the jury that, for conviction, it must find appellant committed two or more acts of sexual abuse over a period thirty days or more in duration, but, as did the court in *Smith*, 340 S.W.3d at 53, we find also that appellant was not egregiously harmed by the erroneous language. Appellant's third issue is overruled.

Jury Charge Error Regarding Allegations Before September 1, 2007

In appellant's second issue, he argues the jury charge did not contain an explicit instruction prohibiting the jury from considering any acts of sexual abuse that occurred before the statute's effective date of September 1, 2007 and, by the definition of "on or about,"[7] allowed the jury to consider acts prior to that date as among the two or more acts the State was required to prove. Everywhere in the charge that the date September 1, 2007 appears, it reads "on or about September 1, 2007." Appellant did not object at trial to this aspect of the charge.

The charge included a limiting instruction removing from the jury's consideration as acts available for conviction the abuse A.F. testified occurred in California and the

---

[7] The charge stated, "You are instructed that the phrase 'on or about' in an indictment means any time prior to the presentment of the indictment that is within the applicable statute of limitations period. There is no statute of limitations period for the offense of Continuous Sexual Abuse of a Young Child, the offense charged in this case."

act she testified occurred in the rented Penske truck on the way from California to Texas.[8] Both those events clearly would have occurred before September 1, 2007.

The testimony, however, does not make clear when during the summer of 2007 A.F.'s family moved to Texas. Appellant contends that two of the incidents A.F. described as occurring after the move could have occurred before September 1.

Courts of appeals have held that "even when the application paragraph limits conviction to a proper time period, the charge is erroneous unless the instruction on the nonbinding nature of the dates alleged in the indictment is somehow specifically limited to require jurors to convict based only on acts of sexual abuse that took place on or after September 1, 2007." *Whitington v. State*, No. 08-13-00102-CR, 2015 Tex. App. LEXIS 4230 (Tex. App.—El Paso Apr. 24, 2015, no pet.) (mem. op., not designated for publication); *see Gomez v. State,* 459 S.W.3d 651, 660 (Tex. App.—Tyler 2015, pet. ref'd); *Flores v. State,* No. 13-12-00606-CR, 2014 Tex. App. LEXIS 4158 (Tex. App.—Corpus Christi Apr. 17, 2014, pet. ref'd) (mem. op., not designated for publication); *Oliver v. State*, No. 10-12-00389-CR, 2014 Tex. App. LEXIS 2836 (Tex. App.—Waco Mar. 13, 2014, no pet.) (mem. op., not designated for publication); *Kuhn v. State,* 393 S.W.3d 519, 524 (Tex. App.—Austin 2013, pet. ref'd); *Martin,* 335 S.W.3d at 875-76 ("given the evidence of appellant's sexually abusive acts prior to the effective date of

---

[8] The limiting instruction, which the court placed with its instruction regarding evidence of other crimes, wrongs or acts, if any, committed by the defendant against A.F., read: "However, neither 'the California incident' nor 'the Penske truck incident,' even should you believe these events occurred beyond a reasonable doubt, qualify as an act of sexual abuse which can be counted in determining whether two or more incidents occurred 30 or more days in duration during the time frame alleged in the indictment. You are further instructed that to be so considered, such an incident, if any, must have occurred in Randall County, Texas."

section 21.02, the trial court's unqualified instruction that the dates alleged in the indictment were not binding and that the State could prove that the offenses had been committed at any time prior to the return of the indictment 'present[ed] the jury with a much broader chronological perimeter than is permitted by law' with respect to count one").

We agree with the State that the limiting instruction served the purpose of overriding the charge's definition of "on or about," and instructing the jury not to consider the California incident and the Penske truck incident as evidence authorizing conviction. *See Struckman v. State,* No. 10-10-00427-CR, 2011 Tex. App. LEXIS 8042 (Tex. App.—Waco Oct. 5, 2011, no pet.) (mem. op., not designated for publication) (distinguishing *Martin* because trial court included instruction advising jury that State elected to proceed only on events occurring after September 1, 2007, thereby limiting the chronological perimeter). But we agree with appellant that the charge did not otherwise restrict the acts of abuse authorizing conviction to those occurring after September 1, 2007, and was thus erroneous.

Turning to the harm analysis, we find the most significant factor on this record is the state of the evidence, including the contested issues and weight of probative evidence. Here, neither the entirety of the charge nor the arguments of counsel lend significant weight, pro or con, on the question of egregious harm from this error. *Villareal,* 453 S.W.3d at 433.

The state of the evidence clearly weighs against finding egregious harm. Appellant's brief argues the initial incident of abuse in the garage of appellant's home

"probably" occurred before September 1. And he contends the evidence could support a conclusion the van incident predated September 1. Assuming for this purpose appellant's contentions are correct, they address only two of the several incidents A.F. specifically described. And, from her statements regarding the "things [that] happened" when appellant came home early from work after her family's move to their own house, the jury properly could have inferred there were, during that time, more instances of sexual abuse than those A.F. specifically described. Further, as courts have noted in similar cases, appellant's defense of the charge against him did not focus on the issue whether incidents occurred before or after September 1. Appellant's defense contested the occurrence of all the incidents of abuse, and focused on challenges to A.F.'s credibility. *See, e.g., Kuhn*, 393 S.W.3d at 528-29.

On this record, any harm from the court's failure to clarify the application of the "on or about" definition to the September 1 date is theoretical, not actual. *See Villarreal,* 453 S.W.3d at 433. We do not see that the error affected the very basis of the case against appellant, deprived him of a valuable right, or vitally affected a defensive theory. *Id.* We overrule appellant's second issue.

Motion for New Trial

In appellant's last issue, he argues the trial court erred by denying his motion for new trial. Appellant presented expert trial testimony by a medical doctor, who testified he reviewed pictures and the SANE nurse's report and concluded the medical evidence did not support a finding of sexual abuse. On cross-examination, asked if in his practice he consulted with a SANE nurse, the doctor testified he had consulted with Ashley

Huynh, a Houston SANE nurse. The State called Huynh in rebuttal. She denied consulting with the doctor, and expressed a negative opinion of him. During closing argument, the State reiterated Huynh's testimony, saying, "And Ashley Huynh came in here and told you [the doctor] lied to you."

Appellant's motion for new trial was based on copies of emails Huynh and the doctor had exchanged on occasions in the year before trial in appellant's case. Appellant contended the emails constituted newly discovered evidence, and showed Huynh lied at appellant's trial, detrimentally impacting his defense. After reviewing the emails and hearing argument, the court denied his motion for new trial.

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Holden v. State,* 201 S.W.3d 761, 763 (Tex. Crim. App. 2006). "We do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable. A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling." *Id.* In considering a motion for new trial, the trial court possesses broad discretion in assessing the credibility of witnesses and in weighing the evidence to determine whether a different result would occur upon retrial. *Messer v. State,* 757 S.W.2d 820, 827-28 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

A motion for new trial must be granted where material evidence favorable to the accused has been discovered since trial. TEX. CODE CRIM. PROC. ANN. art. 40.001 (West 2014). To establish an abuse of discretion for failure to grant a motion for new trial based on newly discovered evidence, the appellant must show: (1) the newly

discovered evidence was unknown or unavailable to him at the time of his trial; (2) his failure to discover or obtain the evidence was not due to a lack of diligence; (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result in another trial. *Lee,* 186 S.W.3d at 659-60; *see also Wallace v. State,* 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). If the appellant fails to establish any one of these elements, the trial court does not abuse its discretion by denying the motion for new trial. *Shafer v. State,* 82 S.W.3d 553, 556 (Tex. App.—San Antonio 2002, pet. ref'd).

In the emails supporting appellant's motion for new trial, Huynh thanked the doctor for his interest in her forensic nursing program, referred to their discussions about cases, told him to feel free to discuss cases with her in the future off the record, and proclaimed her respect for him as a physician. As noted, they were dated in 2012 before appellant's trial in 2013. None related to appellant's case; Huynh had no involvement with A.F.

The State argued the emails were not likely to bring about a different result on retrial. We find the trial court's acceptance of the State's argument was not an abuse of its discretion. Accordingly, we resolve appellant's final issue against him.

Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.