**Opinion filed December 8, 2022**



## In The

# Eletenth Court of Appeals

_____

## No. 11-21-00141-CR

_____

### RANDY LA TREA GIPSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Erath County, Texas**
**Trial Court Cause No. 48405**

### M E M O R A N D U M   O P I N I O N

Appellant, Randy La Trea Gipson, appeals his conviction for the offense of falsification of drug test results, a Class B misdemeanor. TEX. HEALTH & SAFETY CODE ANN. § 481.133(a) (West 2017). Appellant raises three issues on appeal: (1) the trial court erred when it admitted screenshots of the website for the product, Stinger Detox Folli Kleen shampoo; (2) the evidence is insufficient to support his

conviction; and (3) a definitional provision in the statute under which Appellant was charged and convicted is unconstitutionally vague. For the reasons detailed below, we affirm.

## I. *Factual Background*

On April 25, 2019, Brady Gray, a trooper with the Texas Department of Public Safety, initiated a traffic stop of Appellant's vehicle. During the stop, Trooper Gray smelled the odor of marihuana emitting from the vehicle. Thus, Trooper Gray ordered Appellant and his passenger to exit the vehicle so that he could search the vehicle. During the search, Trooper Gray found a bottle of Stinger Detox Folli Kleen shampoo, which had been used but, according to Trooper Gray, was not empty. Appellant admitted that he had purchased and used the shampoo a couple of months earlier in connection with a drug test that he was required to take for a new job in Dallas. Trooper Gray then arrested Appellant for falsification of drug test results.

At trial, the State introduced video evidence of Appellant's arrest and Trooper Gray's testimony concerning the circumstances of the arrest. Trooper Gray also testified that, based on a Google search he performed of the Stinger Detox Folli Kleen product, he located the corresponding website for the product. During his testimony, Trooper Gray read, without objection, three excerpts from the Stinger Detox website that detailed the use of the shampoo, the design of the various Stinger Detox products, and the "peak clean time" after the use of Stinger Total Detox. Thereafter, the State offered screenshots of the Stinger Detox website, to which Appellant's trial counsel objected on the ground of hearsay. The State responded that the screenshots were not being offered for the truth of the matter asserted but for the relevance of how the product is used and advertised. The trial court overruled Appellant's objection and admitted the screenshots.

2

Appellant testified at trial and claimed that he had used the shampoo to cleanse his hair and remove any presence of marihuana. Appellant also testified that he had purchased the shampoo six months before the arrest. According to Appellant, he had forgotten that the bottle was in his car, and at the time of his arrest the bottle was empty. Appellant stated that, when arrested, he was not on probation and did not have any future drug tests scheduled.

The jury convicted Appellant of the charged offense and the trial court assessed Appellant's punishment at 180 days' confinement in the Erath County jail; however, Appellant's confinement was suspended, and he was placed on community supervision for twelve months. This appeal followed.

## II. *Analysis*

### A. *Sufficiency of the Evidence*

We first address Appellant's second issue whereby he challenges the sufficiency of the evidence to support his conviction. Specifically, Appellant asserts that the evidence is legally and factually insufficient to establish that he committed the charged offense. At the outset, we note that the distinction between the legal and factual sufficiency standards of review in criminal cases has been abandoned. *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 289 (Tex. App.—Eastland 2010, pet. ref'd) ("Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable.").

Thus, we review a challenge to the sufficiency of the evidence, regardless of whether it is denominated as a legal or factual sufficiency challenge, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks*, 323 S.W.3d at 912; *Polk*, 337 S.W.3d at 288–89. Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the

3

charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all of the evidence admitted at trial and defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013); *Brooks*, 323 S.W.3d at 899; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. We may not reevaluate the weight and credibility of the evidence to substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Therefore, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

Because the standard of review is the same, we treat direct and circumstantial evidence equally. *Isassi*, 330 S.W.3d at 638; *Clayton*, 235 S.W.3d at 778; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can, without more, be sufficient to establish his guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper*, 214 S.W.3d at 13). A guilty verdict does not require that every fact must directly and independently prove a defendant's guilt. *Hooper*, 214 S.W.3d at 13. Instead, the cumulative force of all the incriminating circumstances may be sufficient to support the conviction. *Id.* Therefore, in evaluating the sufficiency of the evidence, we must consider the cumulative force of

the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017); *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015).

A person commits an offense under Section 481.133 of the Health and Safety Code when (1) the person, (2) knowingly or intentionally, (3) uses or possesses with the intent to use, (4) *any substance* or device that is designed to falsify drug test results. HEALTH & SAFETY § 481.133(a). "Drug test" means a lawfully administered test that is designed to detect the presence of a controlled substance or marihuana. *Id.* § 481.133(c).

Here, the information under which Appellant was charged required the State to prove beyond a reasonable doubt that Appellant "intentionally and knowingly possess[ed] with intent to use a substance designed to falsify drug test results, to wit: Stinger Detox Folli Kleen." Appellant specifically argues that his conviction cannot stand because the evidence presented by the State does not prove that (1) he possessed a substance (the shampoo) with the intent to use it and (2) the shampoo was designed to falsify a drug test.

First, Appellant contends that there is insufficient evidence to support the jury's finding that, on the date of his arrest, he possessed the product (the shampoo) with the intent to use it. Mental culpability, such as intent, generally relies upon circumstantial evidence. *Dillon v. State*, 574 S.W.2d 92, 94 (Tex. Crim. App. [Panel Op.] 1978). Thus, the trier of fact may infer intent from any facts that tend to prove the existence of such intent. *Skillern v. State*, 890 S.W.2d 849, 880 (Tex. App.—Austin 1994, pet. ref'd). The jury may also infer intent from the acts, words, and conduct of the accused as well as all circumstances surrounding the acts and conduct engaged in by the accused. *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. [Panel Op.] 1982); *Parramore v. State*, 853 S.W.2d 741, 745 (Tex. App.—Corpus Christi–Edinburg 1993, pet. ref'd).

In this case, the State adduced sufficient evidence that Appellant possessed the shampoo with the intent to use it. Appellant admitted to Trooper Gray before his arrest, and also at trial, that he had previously used the shampoo to cleanse his hair of any residue or presence of marihuana in preparation for an employment-related drug test. Appellant testified that he had used marihuana the day before his arrest. In the body camera video that captured Appellant's arrest, Appellant stated that he had "tried so hard to keep [his] background clean." Appellant further testified that he had forgotten about the shampoo, had no future drug tests scheduled, and was not subject to random drug testing for either employment purposes or as a condition of probation. However, Appellant's inconsistent testimony does not cause the jury's verdict to be lacking in sufficiency, as Appellant suggests, because the jury could have concluded that Appellant's past use of the shampoo and ongoing use of marihuana is indicative of his intent to possess and use the shampoo (1) at the time of his arrest and (2) in a similar manner in the future.

Second, there is sufficient evidence upon which the jury could have concluded that the Stinger Detox Folli Kleen shampoo is a substance that is designed to falsify drug test results. Trooper Gray testified and read three excerpts to the jury from the Stinger Detox website. The excerpts concern the use of the shampoo as a "deep and thorough" cleanser that is "intended for those who do not want to risk the consequences of exposure to toxins." The excerpts further recite that "[w]hile it may be illegal to consume certain toxins such as mari[h]uana or cocaine, there is nothing illegal about trying to rid your system of it." Instructions were also included for the peak hours that a person will stay "clean" after using Stinger Detox products. Although the website excerpts explicitly state that "Stinger Detox products are not designed to interfere with drug tests or give false results," Trooper Gray testified that, in his opinion, this statement was merely a marketing scheme or representation

6

that Stinger Detox relied on to promote the sale of its product. The jury is the sole judge of the credibility of the witnesses and makes the ultimate decision about the weight to be afforded to each. *See Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899; *Clayton*, 235 S.W.3d at 778. Because the jury was free to believe or disbelieve all, some, or none of Trooper Gray's testimony, Appellant's testimony, or the contents of the Stinger Detox website product information, we may presume that the jury resolved any conflicts in the evidence in favor of the verdict. *See Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

We have reviewed the evidence in the light most favorable to the jury's verdict and conclude that the record before us contains sufficient evidence from which a rational jury could have inferred and found beyond a reasonable doubt that Appellant was guilty of the offense of falsification of drug test results as charged in the information. Accordingly, Appellant's second issue is overruled.

B. *Admissibility of Screenshots from Stinger Detox Website*

In his first issue, Appellant contends that the trial court erred when it admitted screenshots of the Stinger Detox website because the screenshots constituted hearsay that did not meet any exception to the hearsay rule. The State contends that Appellant failed to preserve his complaint for our review because his trial counsel did not make a timely and specific objection to the purported hearsay evidence, i.e., the Stinger Detox website exhibit. We agree with the State.

To preserve a complaint for appellate review, a party must present a specific, timely objection to the trial court that articulates the specific grounds for the ruling that the complaining party sought from the trial court. TEX. R. APP. P. 33.1(a)(1)(A); *Burg v. State*, 592 S.W.3d 444, 448–49 (Tex. Crim. App. 2020); *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009) (citing *Cohn v. State*, 849 S.W.2d 817, 821 (Tex. Crim. App. 1993) (Campbell, J., concurring)). The purpose of requiring a

specific objection "provide[s] the trial judge and opposing counsel an opportunity to address and, if necessary, correct the purported error." *Ford*, 305 S.W.3d at 533 (citing *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005)).

A party must object each time the allegedly inadmissible evidence is offered. *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004). The failure to timely and specifically object to the admission of evidence during trial waives any error in its admission, even if the purported error relates to or affects the constitutional rights of the defendant. *Saldano v. State*, 70 S.W.3d 873, 889 & n.74 (Tex. Crim. App. 2002) (collecting cases).

Here, Appellant's trial counsel did not assert a specific objection each time the website-related evidence was offered. Appellant now asserts that the following language from the admitted Stinger Detox website exhibit constitutes hearsay and was improperly admitted:

> Q: I heard "DETOX" products are not legal. Is Stinger legal?
>
> A: While it may be illegal to consume certain toxins such as Mari[h]uana or Cocaine, there is nothing illegal about trying to rid yourself of them. Stinger Detox products are not 'MASKS' or adulterants. Stinger detox products ARE NOT designed to interfere with drug tests or to give false results. They contain carefully chosen ingredients that help accelerate the body's natural cleansing processes.

Although Appellant's trial counsel did make a general hearsay objection, the objection asserted by Appellant's trial counsel was untimely. Before the trial court admitted the Stinger Detox website exhibit, Trooper Gray had read to the jury during his testimony three portions of the exhibit, including the above excerpt, without any objection asserted by Appellant's trial counsel. "If a defendant fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely, and any claim of

8

error is forfeited." *Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim. App. 2008). Therefore, because the complained-of exhibit excerpt had already been presented to the jury before Appellant's trial counsel objected to its admission, Appellant's failure to make a specific and timely objection to the admission of this evidence presents nothing for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A).

Nevertheless, even assuming that Appellant's complaint had been preserved for our review, any purported error was cured when the same complained-of evidence was offered and admitted elsewhere, without objection, during Appellant's trial. *See Valle v. State*, 109 S.W.3d 500, 509–10 (Tex. Crim. App. 2003); *Ruiz v. State*, 631 S.W.3d 841, 864 (Tex. App.—Eastland 2021, pet. ref'd); *Nicholls v. State*, 630 S.W.3d 443, 449 (Tex. App.—Eastland 2021, pet. ref'd).

Accordingly, Appellant's first issue is overruled.

### C. *Constitutionality of Section 481.133(c)*

In his third issue, Appellant argues that the definition of "drug test" in Section 481.133(c) of the Health and Safety Code is unconstitutionally vague because it does not apprise Appellant of the conduct that is prohibited. The State contends that Appellant failed to preserve his complaint for our review. We agree with the State.

A complaint that a statute is facially unconstitutional may be forfeited if appellate review is not properly preserved. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding that "[a] defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute"); *Williams v. State*, 305 S.W.3d 886, 893 (Tex. App.—Texarkana 2010, no pet.) (citing *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995)). Here, Appellant did not raise in the

trial court below the vagueness challenge he now advances on appeal.[1]  Because Appellant failed to preserve his constitutional challenge for our review, his third issue is overruled.

### III.  *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


December 8, 2022

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that our sister court sitting in Beaumont recently considered and rejected a vagueness challenge to Section 481.133(a).  *See Latimer v. State*, No. 09-21-00275-CR, 2022 WL 2707909, at *5–6 (Tex. App.—Beaumont July 8, 2022, no pet.).